**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **ADELINE E. RICHARDS,** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| v. | ) | **CIVIL NO. 1:11-CV-446-DBH** |
| | ) | |
| **CITY OF BANGOR, MAINE,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

**ORDER ON MOTION FOR ATTORNEY FEES
AND BILL OF COSTS**

This was a civil rights lawsuit alleging age and disability related discrimination, workplace harassment and constructive discharge. The defendant City of Bangor was wholly successful in this district court and on appeal. Order Affirming the Recommended Decision (ECF No. 48); Judgment United States Court of Appeals for the First Circuit (ECF No. 53). Now it has moved for attorney fees against the plaintiff under 42 U.S.C. § 1988[1] and filed a bill of costs. Bill of Costs (ECF No. 56); Mot. for Att'y Fees (ECF No. 58). I **DENY** the motion for attorney fees, but I instruct the Clerk to tax costs in the City's favor.

The First Circuit has instructed that "decisions to grant defendants their fees are, and should be, rare," Tang v. State of R.I. Dep't of Elderly Affairs, 163

---

[1] The parties have addressed only section 1988. I therefore do not address whether any separate analysis might be required for the fee-shifting statutes that govern the claims for age and disability discrimination. See, e.g., 29 U.S.C. § 626(b) (incorporating the fee provision from 29 U.S.C. § 216(b)); 29 U.S.C. § 794a(b); 29 U.S.C. § 2617; 42 U.S.C. § 12205.

F.3d 7, 13 (1st Cir. 1998). They can be awarded in favor of a "prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The court "must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation." Tang, 163 F.3d at 13. Moreover, according to the Supreme Court, such limitations apply "with special force" when the plaintiff does not have a lawyer. "[E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit. Hughes v. Rowe, 449 U.S. 5, 15 (1980)(in that case, uncounseled prisoners).

Here, the plaintiff proceeded for the most part without a lawyer. She failed to comply with the summary judgment rules that bedevil even lawyers and she missed filing deadlines. As a result, the defendant's version of the facts was undisputed. The final summary judgment against the plaintiff was proper, because the procedural rules apply and are enforced even when a non-lawyer is involved, and Bangor won the lawsuit because of the plaintiff's litigating failures. But her claims as stated in the complaint were not frivolous, unreasonable, without foundation, or vexatious. I realize that defending the lawsuit cost the City or its insurance carrier a lot of money and that it would like to be recompensed. But the law in this country is that fee awards in a

defendant's favor are the exception. The standards for the exception are not present here.

Costs, on the other hand, are customarily awarded in favor of the prevailing party, Fed. R. Civ. P. 54(d)(1) ("costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs"). Indeed, in the First Circuit, there is a presumption in favor of awarding costs to the prevailing party pursuant to Fed. Rule Civ. P. 54(d). See Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988). To deny costs, the court "must offer an explanation for doing so unless the basis for denying costs is 'readily apparent on the face of the record.'" B. Fernandez & Hnos, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008) (quoting In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 963 (1st Cir. 1993)). There are only limited exceptions to the principle of cost-shifting under the caselaw, see, e.g., Cantrell v. International Brotherhood of Electrical Workers, 69 F.3d 456, 458-59 (10th Cir. 1995) (en banc) (citing cases); see also 10 Charles A. Wright, Arthur B. Miller & Mary Kay Kane Federal Practice and Procedure § 2668 (collecting cases holding that district courts did not abuse their discretion by denying costs, and cases holding that district courts did abuse their discretion by denying costs). None of the exceptions is advanced here. An award of costs, therefore, is appropriate even though an award of attorney fees is not. See, e.g., Halasz v. University of New England, 821 F. Supp. 40, 42 (D. Me. 1993).

Accordingly, the motion for attorney fees is **DENIED**, but the Clerk shall tax costs against the plaintiff.

**SO ORDERED.**

**DATED THIS 13TH DAY OF MARCH, 2014**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**